UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIANNA GREEN,<br><br>                              Plaintiff,<br><br>          -against-<br><br>ROBISON OIL,<br><br>                              Defendant. | 22-CV-10093 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this *pro se* Action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that her former employer discriminated against her based on her race, color, and religion.  (*See generally* Compl. (Dkt. No 2).)  By order dated December 7, 2022, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (*See* Order Granting IFP Appl. (Dkt. No. 3).)

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that the Court must order the Marshals Service to serve if plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the Complaint until the Court reviewed the Complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Robison Oil through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 form with the address for Robison Oil, issue a summons for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   December 8, 2022
         White Plains, New York

                                              _____
                                                   KENNETH M. KARAS
                                                United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Robison Oil
1 Gateway Plaza
Port Chester, NY 10573